UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RAMONA JOHNSON,<br>      Plaintiff<br><br>      v.<br><br>MICHAEL CHERTOFF, Secretary<br>Department of Homeland Security,<br>      Defendant. | Civ. A. No. 07-2192 (RWR) |

## ANSWER

Answering the numbered and unnumbered paragraphs of the complaint, defendant states as follows:

### Jurisdiction

1. This paragraph contains allegations of jurisdiction and venue to which no response is required. To the extent that a response is required, Defendant admits that the Secret Service headquarters are located in Washington, D.C. and denies the remaining allegations in this paragraph.

2. Defendant denies the allegations contained in the first sentence of this paragraph. Defendant admits that this action is related to an action filed by Tony Ball on December 5, 2007, Civ. A. No. 07-12193, and that Mr. Ball was deposed by the United States in the matter of Moore v. Chertoff, Civ. A. No. 00-953. Defendant denies the remaining allegations in the second sentence of this paragraph and the allegations in the third sentence of this paragraph.

### Parties

3. Defendant admits the allegations contained in this paragraph.

4. Defendant admits the allegations contained in the first two sentences of this paragraph.

The third sentence concerns an allegation of jurisdiction to which no response is required. Defendant admits the allegations in the fourth sentence of this paragraph.

## Facts

5.    Defendant admits the allegations contained in the first sentence of this paragraph. Defendant denies the allegations in the second sentence of this paragraph, except that defendant admits that plaintiff received an honorable discharge from the Air Force and the reason for the discharge is listed as "disability" on her DD Form 214. Defendant admits the third sentence of this paragraph. Defendant admits that plaintiff was promoted to the GS-11 level in July 2006, that she has no record of formal discipline, and that she has received satisfactory performance evaluations while employed by the Secret Service.

6.    Defendant admits the allegations contained in this paragraph.

7.    Defendant admits that Mr. Ball contacted an Equal Employment Opportunity (EEO) counselor on or about May 12, 2005 and filed an Individual Complaint of Employment Discrimination with the Secret Service's Office of Equal Opportunity on August 26, 2005, alleging discrimination on the basis of race in connection with his non selection to the GS-15 level. Defendant denies the remaining allegations in this paragraph.

8.    Defendant admits that in December 2005, Mr. Ball was selected for promotion to the position of Assistant Special Agent in Charge (ASAIC) of the Miami Field Office, GS-15. Defendant denies the remaining allegations in the first sentence of this paragraph. Defendant admits the allegations in the second and third sentences of this paragraph. Defendant admits that the position into which plaintiff was promoted was located in Miami, Florida. Defendant further avers that Mr. Ball bid for promotion to the specific position of ASAIC Miami knowing that, if

selected, the position required a transfer to Miami, Florida. Defendant further avers that after being selected for the ASAIC Miami position, Mr. Ball sent an email to a Secret Service supervisor stating that he was "really excited about this assignment." Defendant denies the remaining allegations in this paragraph.

9. In the first sentence of this paragraph, Defendant admits that in an EEO complaint Mr. Ball made a general allegation of discrimination. In regard to the second sentence, defendant admits that Mr. Ball's selection for promotion to the ASAIC Miami position required that he relocate (geographically move) to Miami. Defendant further avers that Mr. Ball had bid for the position of ASAIC Miami knowing that the position required a geographic transfer to Miami Florida and that after receipt of the promotion to the position, he expressed in writing that he was "really excited about this assignment." The Secret Service is without sufficient knowledge or belief to either admit or deny the allegations in the third sentence of this paragraph. Defendant denies the allegations in the fourth sentence of this paragraph.

10. Defendant denies the allegations contained in this paragraph, except defendant admits that a practice is established in writing in regard to special agent employees of the Secret Service who are married to other special agents of the Secret Service.

11. Defendant denies the allegations contained in this paragraph.

12. Defendant admits that plaintiff advised her supervisor, Cedric Sims, that Mr. Ball had been selected for promotion to a position in the Miami Field Office. Defendant denies the remaining allegations in this paragraph.

13. In regard to the first sentence in this paragraph, defendant admits that then-Deputy Assistant Director (DAD) Frank Larkin was, at one time, in the line of command for plaintiff.

Defendant also admits that former-DAD Anthony Triplett was, at one time, in the line of command for Mr. Ball in connection with Mr. Ball's new position in the Miami Field Office. Defendant further admits that Mr. Ball spoke with then-DAD Anthony Triplett after his promotion to a position in the Miami Field Office was announced. At this time, Defendant lacks sufficient information to admit or deny that any conversation(s) with former-DAD Triplett concerning any matter occurred or did not occur prior to plaintiff and Mr. Ball placing their house for sale. At this time, Defendant also lacks sufficient information to admit or deny whether Mr. Ball had conversation(s) with former-DAD Larkin, and when any such conversation(s) may have occurred. In regard to the second sentence in this paragraph, defendant lacks sufficient information to admit or deny any information concerning any conversation between Mr. Ball and former-DAD Larkin. Defendant denies the third sentence of this paragraph.

14.     Defendant denies the allegations in this paragraph.

15.     Defendant admits that Mr. Ball and the plaintiff sold their home in Washington, DC prior to Mr. Ball's transfer to the Miami Field Office, moved into temporary housing, went to Miami for a house hunting trip for which plaintiff used annual leave and entered into a contract and paid a deposit on a new home in the Miami area. Defendant denies the remaining allegations in the first sentence of this paragraph. Defendant denies the allegations contained in the second sentence of this paragraph. Defendant further avers that plaintiff was required to use annual leave to take her house hunting trip and was on notice at this time that she was not being transferred to Miami, Florida.

16.     Defendant admits the allegations in this paragraph.

17.     Defendant denies the allegations in this paragraph.

18.     Defendant denies the allegations in this paragraph.

19.     Defendant denies that William Sims advised Mr. Ball that plaintiff's transfer was a "done deal." Defendant admits that Cornelius Tate and William Sims spoke on the telephone, but denies the remaining allegations in this paragraph.

20.     Defendant denies the first sentence of this paragraph. The Secret Service is without sufficient information or knowledge to admit or deny the second and third sentences of this paragraph. Defendant denies the fourth sentence of this paragraph. Defendant admits the fifth sentence of this paragraph.

21.     Defendant admits that Mr. Ball filed a request for a hearing with the EEOC with regard to his 2005 complaint that was received by the EEOC on June 12, 2006. Defendant denies the remaining allegations in this paragraph.

22.     Defendant denies the allegations contained in this paragraph.

23.     Defendant denies the allegations contained in the first three sentences of this paragraph. Defendant admits the allegations contained in the fourth sentence of this paragraph. Defendant denies the allegations contained in fifth sentence of this paragraph.

24.     Defendant denies the first sentence in this paragraph. In regard to the second sentence in this paragraph, defendant denies that the statement in the sentence is an example of a "false and shifting explanation" for why plaintiff was not transferred, and/or that it is an example of an "explanation" which is a "pretext for illegal retaliation." Defendant admits that some Secret Service managers were unaware that Mr. Ball and plaintiff were married at the time of Mr. Ball's promotion to the ASAIC position in the Miami Field Office. In regard to the third sentence of

this paragraph, defendant admits that some of Mr. Ball and plaintiff's supervisors were aware that Mr. Ball and plaintiff were married. Specifically, defendant avers that Mr. Ball's supervisor on the Vice President's detail, then SAIC Mike Lee, was aware that Mr. Ball was married to plaintiff. Defendant also admits that Cedric Sims and Cornelius Tate were aware that plaintiff was married to Mr. Ball. Defendant denies the remaining allegations in the third sentence of this paragraph.

25.     In regard to the first sentence, defendant denies that the statement set forth in this sentence is "[s]imilarly" an example of a "false and shifting explanation for why plaintiff was not transferred, and/or that it is an example of an "explanation" which is a "pretext for illegal retaliation." Defendant denies that the defendant has stated that "only spouses who are Special Agents are transferred together, not married couple in which one partner is a Special Agent and one partner is a non-Special Agent employee." Defendant further avers, however, that it has a written policy concerning the transfer of special agents who are married to other special agents. Defendant denies the remaining allegations in this paragraph.

26.     Defendant admits that plaintiff remains stationed in Washington, D.C. and that Mr. Ball is stationed in Miami, Florida. Defendant denies the remaining allegations in this paragraph.

27.     Defendant denies the allegations in this paragraph.

28.     Defendant denies the allegations in this paragraph.

29.     Defendant denies the first sentence of this paragraph. Defendant further avers that plaintiff did not contact an EEO counselor within forty-five days of her being aware of the alleged retaliatory conduct and thus she failed to exhaust her administrative remedies. In regard to the second sentence, Defendant admits that plaintiff contacted an EEO counselor on August

30, 2006 and that she filed an Individual Complaint of Employment Discrimination on November 6, 2006.

## VIOLATION OF LAW

## RETALIATION

30.     This paragraph is a restatement of the paragraphs above to which no response is required. To the extent that a response is deemed necessary, defendant refers to his prior responses to these paragraphs.

31.     Defendant admits that Mr. Ball has engaged in protected activity under Title VII of the Civil Rights Act, but denies the remaining allegations in the paragraph.

The remaining paragraphs are a prayer for relief and a demand for a jury trial to which no response is required. To the extent that a response is deemed necessary, the defendant denies that plaintiff is entitled to any relief or to a jury trial.

## FIRST DEFENSE

The Court lacks jurisdiction over this complaint as Plaintiff Johnson failed to make timely contact with an Equal Employment Opportunity Counselor. Thus, Plaintiff Johnson has failed to exhaust her administrative remedies.

## SECOND DEFENSE

The Court lacks jurisdiction over this complaint as the complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Court lacks jurisdiction over this complaint as the complaint states no employment action which has been taken against Plaintiff Johnson or the denial of a right or benefit to which

she is otherwise entitled to.

Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendants assert all applicable statutory limitations with respect to Plaintiff's damage claims.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137