UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMONA JOHNSON and TONY BALL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, Secretary of the )<br>Department of Homeland Security, )<br>)<br>Defendant. )<br>) | Civ. A. Nos. 07-2192 and 07-2193<br>(consolidated) (RWR) |

**MOTION TO DISMISS RAMONA JOHNSON AS A PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Secret Service moves to dismiss Ramona Johnson as a plaintiff in this action. Ms. Johnson alleges that the Secret Service retaliated against her in violation of Title VII after her husband, who also works for the Secret Service, filed an administrative complaint contending that he had been denied a promotion because of his race. However, the plain text of Title VII limits retaliation claims to those employees who personally engage in protected activity. The Consolidated Complaint makes clear that it was Ms. Johnson's husband, and not her, who engaged in protected activity in this case. The Third, Fifth, and Eighth Circuit Courts of Appeal have all expressly rejected this type of third-party retaliation claim. This Court should do so here and dismiss Johnson as a plaintiff.

A memorandum in support and a proposed order are attached.

                                          Respectfully submitted,

                                          /s/
                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                        United States Attorney

|  |  |
|---|---|
| | /s/ |
| | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
| | Assistant United States Attorney |
| | |
| | /s/ |
| | HARRY B. ROBACK, D.C. Bar # 485145 |
| | Assistant United States Attorney |
| | United States Attorneys Office |
| | 555 4th Street, N.W. |
| | Washington, D.C. 20530 |
| | Tel: 202-616-5309 |
| July 28, 2008 | harry.roback@usdoj.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMONA JOHNSON and TONY BALL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, Secretary of the ) <br> Department of Homeland Security, ) <br> ) <br> Defendant. ) <br> ) | Civ. A. Nos. 07-2192 and 07-2193 <br> (consolidated) (RWR) |

**PROPOSED ORDER**

Upon consideration of the Secret Service's motion to dismiss Ramona Johnson as a plaintiff in this action, it is hereby

ORDERED that the motion to dismiss is GRANTED.

SO ORDERED.


Date: _____                           _____
                                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMONA JOHNSON and TONY BALL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. A. Nos. 07-2192 and 07-2193 |
| | ) (consolidated) (RWR) |
| MICHAEL CHERTOFF, Secretary of the | ) |
| Department of Homeland Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS RAMONA JOHNSON AS A PLAINTIFF**

Plaintiff Ramona Johnson alleges that the Secret Service retaliated against her in violation of Title VII after her husband, who also works for the Secret Service, filed an administrative complaint contending that he had been denied a promotion because of his race. Since her husband filed an administrative complaint, the Secret Service has promoted Johnson and raised her salary. Johnson nevertheless alleges that the Secret Service retaliated against her when it did not create a position for her in Miami, Florida after her husband applied for and received a promotion to that field office.

The Court should dismiss Johnson's retaliation claim because she did not personally engage in protected activity. The plain text of Title VII limits retaliation claims to those employees who personally engage in protected activity. The Complaint makes clear, however, that Johnson's husband, and not Johnson, engaged in protected activity in this case. Indeed, at the time her husband sought EEO counseling, Johnson did not even work for the Secret Service. The Third, Fifth, and Eighth Circuit Courts of Appeal have all expressly rejected this type of third-party retaliation claim. This Court should do so here and dismiss Johnson as a plaintiff.

## BACKGROUND

Tony Ball is an African-American Special Agent of the Secret Service. (Compl. ¶ 3.) On May 16, 2005, Ball contacted an EEO counselor because he believed that the Secret Service had denied him a promotion to a GS-15 position on account of his race. (*Id.* ¶ 7.) At the time he sought counseling, Ball was working in Washington, DC. (*Id.* ¶ 8.) In June 2005, the Secret Service hired Ball's wife, Ramona Johnson, as an IT Specialist in its Washington, DC headquarters. (*Id.* ¶ 6.) Johnson works in the Network Branch of the Information Resource Management Division ("IRMD"). (*Id.*) In August 2005, Ball filed a formal administrative complaint regarding his non-selection for the GS-15 position. (*Id.* ¶ 7.)

In December 2005, Ball sought and received a promotion to a GS-15 position in Miami, Florida. (*Id.* ¶ 8.) Ball and Johnson do not allege that at the time he applied for a position in Miami there was – or had ever been – a Network Branch position available in that office. Nor do they allege that since Ball accepted a position in Miami the Secret Service has filled a Network Branch position in its Miami field office. In fact, the Secret Service does not have *any* Network Branch employees in its Miami Field Office. All such employees who work in the IRMD, including Johnson, are stationed in the Secret Service's headquarters in Washington, DC.

Nevertheless, in their Consolidated Complaint, Ball and Johnson allege that the Secret Service retaliated against them based on *Ball's* administrative complaint of racial discrimination by not creating a position for Johnson in its Miami Field Office. *See id.* ¶ 9 ("Because SA Ball continued to prosecute his claims of racial discrimination, the Secret Service retaliated against him and his wife, Ramona Johnson."); *id.* ¶ 31 ("Plaintiff Ball engaged in protected activity under Title VII"); *id.* ("Defendant's refusal to transfer Plaintiff Johnson, SA Ball's wife, to the

Miami, Florida area was intended to punish Ms. Johnson for SA Ball's protected complaint of discrimination[.]"). There is no allegation in the Complaint that Johnson herself engaged in protected activity.

## STANDARD OF REVIEW

This Court may dismiss Johnson's Complaint pursuant to Rule 12(b)(6) if she has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Johnson's claims for relief.

This Court may also dismiss Johnson as a plaintiff pursuant to Rule 12(b)(1) if she lacks standing to assert the claim raised in the Consolidated Complaint. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975).

## ARGUMENT

### I. TITLE VII DOES NOT PERMIT THIRD-PARTY RETALIATION CLAIMS

The plain text of Title VII does not permit Johnson to bring a retaliation claim based on her husband's charge of discrimination. *Schuler v. PricewatershouseCoopers*, 514 F.3d 1365, 1377 (D.C. Cir. 2008) ("We begin, as we must, with the statute's text.") The relevant language of the statute provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . *because he has opposed* any practice made an unlawful employment practice by this subchapter, or *because he had made a charge, testified, assisted, or participated* in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a) (emphasis added). There is no ambiguity in this statute: by its clear

3

terms Title VII prohibits retaliation against an employee because "*he* has opposed" an unlawful employment practice or because "*he* had made a charge" of discrimination. *Id.* (emphasis added). Where, as here, a statute is clear, it ends the analysis. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) ("[I]n any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well.") (internal quotation marks omitted). In this case, Johnson makes clear in her Complaint that the only person who engaged in protected activity is her husband. *See, e.g.*, Compl. ¶ 31. She may not assert a retaliation claim by piggy backing on his protected activity. 42 U.S.C. § 2000e-3(a). Rather, "[s]he" must have been the person who engaged in protected activity. *Id.* Johnson's failure to do so bars her retaliation claim in this case.

This is the precise conclusion reached by the Third, Fifth, and Eighth Circuit Courts of Appeal. In *Smith v. Riceland Foods, Incorporated*, 151 F.3d 813 (8th Cir. 1998), the plaintiff asserted a retaliation claim under Title VII when he was terminated shortly after his fiancee engaged in protected activity. *Id.* at 818-19. In rejecting his retaliation claim, the Eighth Circuit held that: "We believe that the rule advocated by Thomas – that a plaintiff bringing a retaliation claim need not have personally engaged in statutorily protected activity if his or her spouse or significant other, who works for the same employer, has done so – is neither supported by the plain language of Title VII nor necessary to protect third-parties, such as spouses or significant others, from retaliation." *Id*.

In *Fogleman v. Mercy Hospital, Incorporated*, 283 F.3d 561 (3d Cir. 2002), the plaintiff

alleged that he had been terminated in retaliation for his father's protected activity.[1] The Third Circuit held that the plaintiff's retaliation claim failed because:

> The plain text of the anti-retaliation provisions requires that the person retaliated against also be the person who engaged in the protected activity: Each statute forbids discrimination against an individual because 'such individual' has engaged in protected conduct. By their own terms, then, the statutes do not make actionable discrimination against an employee who has not engaged in protected activity. Read literally, the statutes are unambiguous – indeed, it is hard to imagine a clearer way of specifying that the individual who was discriminated against must also be the individual who engaged in protected activity.

*Id.* at 568.

Similarly, in *Holt v. JTM Industries, Inc*, 89 F.3d 1224 (5th Cir. 1996), the plaintiff brought a retaliation claim when he was placed on administrative leave just two weeks after his wife had engaged in protected activity. *Id.* at 1225.[2] In rejecting the plaintiff's retaliation claim, the Fifth Circuit "conclud[ed] that [such a claim would] contradict the plain language of the statute[.]" *Id.* This Court should follow these decisions, as well as the plain language of Title VII, and dismiss Johnson as a plaintiff in this case.

The Secret Service notes that a divided panel of the Sixth Circuit Court of Appeals reached a contrary conclusion in *Thompson v. North American Stainless*, 520 F.3d 644 (6th Cir. 2008). In *Thompson*, an employee was terminated after his fiancee, who worked for the same

---

[1] Although the plaintiff filed suit under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act, the Court noted that Title VII contains a "nearly identical" anti-retaliation provision. *Id.* at 567 (noting that the ADA and ADEA refer to "such individual," whereas Title VII refers to "he.")

[2] The plaintiff brought his retaliation claim under the ADEA. *Holt*, 89 F.3d at 1226. However, the Fifth Circuit recognized that "the anti-retaliation provisions of the ADEA and Title VII are similar and cases interpreting the latter provision are frequently relied upon in interpreting the former." *Id.* (internal quotation marks omitted).

company, filed a gender discrimination claim. *Thompson*, 520 F.3d at 645-46. The Sixth Circuit acknowledged that a "literal reading" of Title VII does not permit a third-party retaliation claim. *Id.* The Court nevertheless permitted the plaintiff's suit to proceed because, in its view, the "plain purpose" of the statute would be defeated if it did not permit the case to go forward. *Id. See also De Medina v. Reinhardt*, 444 F. Supp. 573 (D.D.C. 1978) (Richey, J.).

This Court should not follow the *Thompson* court's decision because the Supreme Court and the D.C. Circuit have repeatedly made clear that where, as here, the text of a statute is unambiguous, the language of the statute is determinative. *See, e.g.*, *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296-97 (2006) ("When the statutory language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.") (internal quotation marks omitted); *Schuler*, 514 F.3d at 1377 (holding that "clear" statutory language "ends" the analysis).[3]

Although courts have departed from the plain language of a statute when – and only when – it would lead to an "absurd" result that is "so gross as to shock the general moral or common sense," no such result would occur here by applying Title VII as written. *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930). Indeed, in *Fogleman*, the Third Circuit observed that there are legitimate reasons why Congress may have chosen not to cover third parties, including that it might "open the door to frivolous lawsuits" by relatives and friends of individuals who engage in

---

[3] *See also Crooks v. Harrelson*, 282 U.S. 55, 59-60 (1930) ("It is not enough merely that hard and objectionable or absurd consequences, which probably were not within the contemplation of the framers, are produced by an act of legislation. Laws enacted with good intention, when put to the test, frequently, and to the surprise of the lawmaker himself, turn out to be mischievous, absurd, or otherwise objectionable. But in such case the remedy lies with the lawmaking authority, and not with the courts.")

6

protected activity.  *Fogleman*, 283 F.3d at 561; *see also* Thompson, 520 F.3d at 651 ("It was Congress's prerogative to create – or refrain from creating – a federal cause of action for civil rights retaliation.  Congress likewise was entitled to mold the scope of such legislation[.]") (Griffin, J. dissenting).

Moreover, the "plain purpose" of Title VII identified by the *Thompson* court – "to secure a nondiscriminatory workplace," 520 F.3d at 647 – can be fully vindicated without rewriting Title VII to permit third-party retaliation claims.  The *Thompson* majority erroneously believed that an employer would be able to retaliate against an employee's fiancee (or spouse) without consequence unless the court created a retaliation claim for him.  *Id.*  But after the Supreme Court's decision in *Burlington Northern & Sante Fe Railway Co. v. White*, 126 S. Ct. 2405 (2006), an employee may assert a retaliation claim if his or her employer takes any "materially adverse" action that would deter a reasonable employee from engaging in protected activity.  *White*, 126 S. Ct. at 2410.  Thus, if an employer terminated an employee's spouse because he or she engaged in protected activity, that presumably would be sufficient under *White* to state a retaliation claim.  *Id.*  The Sixth Circuit effectively sought to fill a gap in Title VII that does not exist.  Here, of course, after Ball engaged in protected activity the Secret Service *hired* and *promoted* his wife, and *raised* her salary.  The Secret Service also promoted Ball to a GS-15 position and raised his salary.

## CONCLUSION

For the foregoing reasons, the Court should grant the Secret Service's motion and dismiss the claims of Ramona Johnson.

                              Respectfully submitted,

                              /s/
                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                              United States Attorney

                              /s/
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney

                              /s/
                              HARRY B. ROBACK, D.C. Bar # 485145
                              Assistant United States Attorney
                              United States Attorneys Office
                              555 4th Street, N.W.
                              Washington, D.C. 20530
                              Tel: 202-616-5309
July 28, 2008                  harry.roback@usdoj.gov