UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY BALL <br><br> and <br><br> RAMONA JOHNSON, <br><br>  Plaintiffs <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary <br> Department of Homeland Security, <br><br>  Defendant. | Civil Action Numbers 07-2192 and <br> 07-2193 (consolidated) (RWR) |

## ANSWER

The Defendant hereby answers the plaintiffs Consolidated Complaint pursuant to Federal Rule of Civil Procedure 8.

### Jurisdiction

1. This paragraph contains allegations of jurisdiction and venue to which no response is required. To the extent that a response is required, Defendant admits that the Secret Service headquarters are located in Washington, D.C. The Defendant denies the remaining allegations in this paragraph.

2. Defendant denies the allegations contained in paragraph 2, except that Defendant admits Plaintiff Ball was deposed in case captioned, <u>Moore v. Chertoff</u>, Civ. A. No. 00-953 (RWR). Defendant also admits that Plaintiffs Ball and Johnson are married.

### Parties

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

**Facts**

6. Defendant admits the allegations in the first sentence of paragraph 6. Defendant denies the allegations in the second sentence, except Defendant avers that plaintiff Ball has no record of formal discipline and has received satisfactory performance appraisals during his employment with the Secret Service. Defendant admits the allegations in the third, fourth, fifth, and eighth sentences. Defendant lacks sufficient information to admit or deny the allegations in the sixth and seventh sentences. Defendant denies the allegations in the ninth sentence, but avers that plaintiff Johnson has received satisfactory performance appraisals during her employment with the Secret Service and was promoted to the GS-11 level in July 2006 and the GS-12 level in March 2008.

7. Defendant admits that plaintiff Ball contacted an Equal Employment Opportunity (EEO) Counselor on or about May 12, 2005 and filed an Individual Complaint of Employment Discrimination with the Secret Service's Office of Equal Opportunity on August 26, 2005, alleging discrimination on the basis of race in connection with his non selection to the GS-15 level. Defendant denies any remaining allegations in this paragraph.

8. Defendant denies the allegation in the first sentence of paragraph 8, but avers that in December 2005, plaintiff Ball was selected for promotion to the position on which he had bid for promotion. The position was that of Assistant Special Agent in Charge (ASAIC) of the Miami Field Office, GS-15. Defendant admits the allegations in the second and third sentences of this paragraph. Defendant denies the allegations in the fourth sentence, but avers that the position for which Ball bid was located in Miami, FL.

9. In regard to the first sentence in this paragraph, Defendant admits that in an EEO complaint Plaintiff Ball had made such a general allegation of discrimination. Defendant denies the remaining allegations in paragraph 9.

10. Defendant denies the allegation in paragraph 10. Defendant further avers that it has a policy applicable when both spouses are special agents.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant admits that Ms. Johnson advised her supervisor, Cedric Sims, that plaintiff Ball had been selected for promotion to a position in the Miami Field Office. Defendant denies the remaining allegations in this paragraph.

13. Defendant admits that Frank Larkin was at one time in the line of command for Plaintiff Ball's wife and that Anthony Triplett was at one time in the line of command for Plaintiff Ball. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant admits that Cedric Sims sent the email identified in this paragraph, but states that it lacks sufficient information to admit or deny the remaining allegations of this paragraph.

21. Defendant admits that plaintiff Ball's request for a hearing with regard to his 2005 EEO complaint was received by the EEOC on June 12, 2006. Defendant denies any remaining allegations in this paragraph.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in the first three sentences of paragraph 23. Defendant admits the allegations contained in the fourth sentence of this paragraph. Defendant denies the allegations contained in the fifth sentence of this paragraph.

24. Defendant denies the allegations in the paragraph 24, except that Defendant admits some Secret Service managers were aware that plaintiffs Johnson and Ball were married at the time of plaintiff Ball's promotion to the ASAIC position in the Miami Field Office.

25. Defendant denies the allegations in paragraph 25.

26. Defendant admits that plaintiff Johnson remains stationed in Washington, D.C. and that plaintiff Ball is stationed in Miami, Florida. Defendant denies the remaining allegations in this paragraph.

27. Defendant denies the allegations in this paragraph.

28. Defendant denies the allegations in this paragraph.

29. Defendant denies the first sentence in this paragraph. Plaintiffs Ball and Johnson did not contact an EEO Counselor within forty-five days of their being aware of the alleged retaliatory conduct, and thus they have failed to exhaust their administrative remedies. Defendant denies the allegations in the second sentence. Defendant admits that plaintiff Ball contacted an EEO counselor on August 31, 2006 and that he filed an Individual Complaint of Employment Discrimination on November 6, 2006.

30. Defendant's responses to paragraphs 1-29 are hereby incorporated by reference.

31.  Defendant denies the allegations in paragraph 31, except that Defendant admits that plaintiff Ball has engaged in protected activity under Title VII of the Civil Rights Act.

30.[1]  Defendant's responses to paragraphs 1-29 are hereby incorporated by reference.

31.  Defendant denies the allegations in paragraph 31, except that Defendant admits that plaintiff Ball has engaged in protected activity under Title VII of the Civil Rights Act.

The next paragraph and subparagraphs (1-6) are a prayer for relief to which no response is required.  Insofar as a response is required, Defendant denies that plaintiffs are entitled to the relief requested or to any relief whatsoever.  Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

The final unnumbered paragraph is plaintiffs' demand for a trial by jury, which does not require a response from Defendant.

### AFFIRMATIVE DEFENSES

1.      The Court lacks jurisdiction over this complaint as Plaintiffs Ball and Johnson failed to make timely contact with an Equal Employment Opportunity Counsel.  Thus, Plaintiffs Ball and Johnson have failed to exhaust their administrative remedies.

2.      The complaint fails to state a claim by Plaintiff Johnson upon which relief may be granted.

3.      Plaintiff Johnson lacks standing to state a claim because she did not engage in protected activity.

---

[1] Plaintiffs have numbered two paragraphs "30" and two paragraphs "31."

WHEREFORE, Defendant respectfully requests that the Court dismiss the Consolidated Complaint with prejudice and grant Defendant all such relief which it deems appropriate and proper.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

July 28, 2008